IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Amber Amerson, | ) | CASE NO.: 4:25-11896-JD |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **MEMORANDUM ORDER AND** |
| Brooke Allen; Cody Mitchell; Amanda | ) | **OPINION** |
| Mack; John Stassi; Adrieen Wingate; | ) | |
| Quincy James Mack; Michelle Weaver; | ) | |
| Stephanie Amerson Stokes; and | ) | |
| Heath Michael Stokes, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the Court on the Report and Recommendation ("Report") of Magistrate Judge Kaymani D. West (DE 26), recommending that Plaintiff's Amended Complaint (DE 22) be dismissed without prejudice and without issuance and service of process. Plaintiff has filed objections to the Report (DE 28). Also pending is Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction (DE 36). In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 (D.S.C.), the Court has reviewed the Report, Plaintiff's objections, and the record in this matter.

For the reasons set forth below, the Court adopts the Report and dismisses the Amended Complaint without prejudice. Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction is DENIED.

1

# I.    BACKGROUND

## A.    Factual Background

The Magistrate Judge thoroughly summarized Plaintiff's allegations in the Amended Complaint, and the Court incorporates that summary herein by reference. A brief recitation is provided for context.

Plaintiff Amber Amerson, proceeding *pro se*, alleges violations of her constitutional rights arising out of child custody and Department of Social Services ("DSS") proceedings involving her minor son. Plaintiff contends that various state officials, attorneys, and private individuals conspired to interfere with her parental rights and deprive her of due process in connection with removal and custody proceedings. Specifically, Plaintiff alleges that a DSS attorney presented false statements during an emergency removal hearing; her privately retained attorney failed to adequately represent her interests; a clerk of court interfered with filings; state officials failed to properly investigate her complaints; and several private individuals conspired with DSS personnel to undermine her parental rights. Plaintiff asserts claims pursuant to 42 U.S.C. § 1983 and seeks relief related to custody determinations and alleged constitutional violations.

## B.    Procedural Posture and Record Considered

Plaintiff initiated this action on September 2, 2025, asserting federal question jurisdiction pursuant to 28 U.S.C. § 1331 and alleging violations of her constitutional rights under 42 U.S.C. § 1983. (DE 1.) Plaintiff was granted leave to proceed in forma pauperis. (DE 11.) Following initial screening under 28 U.S.C. § 1915, the Magistrate Judge issued a Second Proper Form Order advising Plaintiff that her Complaint was

subject to summary dismissal and permitting her an opportunity to cure the identified deficiencies. (DE 19.) Plaintiff thereafter filed an Amended Complaint. (DE 22.)

On October 9, 2025, the Magistrate Judge issued the Report, recommending that the Amended Complaint be dismissed without prejudice and without issuance and service of process. (DE 26.) Plaintiff timely filed objections to the Report on October 16, 2025. (DE 28.) While the Report was pending before this Court, Plaintiff filed an additional amended complaint (DE 33) and a Motion for Temporary Restraining Order and Preliminary Injunction (DE 36) seeking emergency relief related to the custody and placement of her minor child. The matter is now ripe for review.

## II.     REPORT AND RECOMMENDATION

The Magistrate Judge recommends that Plaintiff's Amended Complaint be dismissed without prejudice and without issuance and service of process. (DE 26.) The Magistrate Judge concluded that: (1) certain defendants are entitled to absolute or quasi-judicial immunity; (2) Plaintiff failed to allege that her privately retained attorney acted under color of state law for purposes of § 1983; (3) Plaintiff's allegations against supervisory officials fail to state a claim under *Monell* and its progeny; (4) Plaintiff's conspiracy allegations against private individuals are conclusory and unsupported by specific factual allegations; and (5) to the extent Plaintiff seeks review of or relief from state court custody determinations, this Court lacks subject matter jurisdiction under the *Rooker–Feldman* doctrine.

## III.    LEGAL STANDARD

To be actionable, objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. *See United States v. Schronce*, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). "The Supreme Court has expressly upheld the validity of such a waiver rule, explaining that 'the filing of objections to a magistrate's report enables the district judge to focus attention on those issues—*factual and legal*—that are at the heart of the parties' dispute.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (2005) (citing *Thomas v. Arn*, 474 U.S. 140, 147 (1985) (emphasis added)). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this Court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

## III.    DISCUSSION

### A.    Plaintiff's Objections

Plaintiff filed an objection to the Report. (DE 28.) The objection, however, does not identify any specific portion of the Report to which Plaintiff objects, nor does it challenge the legal conclusions reached by the Magistrate Judge. Instead, Plaintiff generally reiterates her belief that her constitutional rights were violated and that she is entitled to relief. Specifically, Plaintiff asserts that the Report "does not fully address the facts and evidence that show [her] constitutional rights were violated" and that her "filings describe specific instances of retaliation, misuse of [her] personal information, and interference with [her] parental and disability rights by officials of

the South Carolina Department of Social Services and related agencies." (DE 28.) However, these statements do not identify any specific factual finding or legal conclusion in the Report that is erroneous.

Further, Plaintiff's objection does not identify any specific portion of the Report to which she objects, does not challenge the Magistrate Judge's application of the immunity doctrines or the state-action requirement, and does not address the jurisdictional limitations discussed in the Report and Recommendation. The filing also does not cite legal authority or otherwise explain how the Magistrate Judge's analysis is erroneous. Therefore, Plaintiff's general and conclusory objections are insufficient to warrant *de novo* review. *See Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

The Court finds that the Magistrate Judge correctly concluded that Plaintiff's claims against the DSS attorney are barred by absolute immunity, her claims against her privately retained attorney fail because he is not a state actor for purposes of § 1983, and the clerk of court is entitled to quasi-judicial immunity for actions taken in connection with the judicial process. The Magistrate Judge further properly determined that Plaintiff failed to allege facts sufficient to establish supervisory liability as to the DSS director and failed to plead a plausible conspiracy between private individuals and state actors.

Additionally, to the extent Plaintiff seeks relief that would require this Court to review or overturn state court custody determinations, the Court lacks subject

matter jurisdiction under the *Rooker–Feldman* doctrine. Federal district courts do not sit as appellate courts over state court judgments.

Accordingly, the Court overrules Plaintiff's objections.[1]

## B.    Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction

Plaintiff also seeks a temporary restraining order and preliminary injunction related to the custody and placement of her minor child. (DE 36.) A plaintiff seeking preliminary injunctive relief must establish: (1) a likelihood of success on the merits; (2) a likelihood of suffering irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in her favor; and (4) that an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

Plaintiff cannot satisfy this standard. As discussed above, the Court has determined that her Amended Complaint is subject to dismissal at the initial screening stage. Because Plaintiff cannot demonstrate a likelihood of success on the merits, her request for injunctive relief necessarily fails.

Moreover, the relief Plaintiff seeks would require this Court to intervene in matters relating to state court custody proceedings. This Court lacks jurisdiction to

---

[1]    The Court is aware that, after the issuance of the Report and Recommendation, Plaintiff filed additional amended pleadings. To the extent those filings are properly before the Court, they do not cure the deficiencies identified by the Magistrate Judge and do not alter the Court's analysis. The subsequent pleadings continue to assert claims arising from the same underlying state custody proceedings and are subject to the same jurisdictional limitations, immunity doctrines, and pleading deficiencies discussed above. Accordingly, the later-filed amended pleadings do not preclude adoption of the Report and Recommendation or dismissal of this action.

6

grant such relief, and principles of federalism and comity counsel against federal court interference in ongoing or completed state domestic relations proceedings.

For these reasons, Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction is denied.

## IV.    CONCLUSION

After a thorough review of the Report and Recommendation, the record in this case, and Plaintiff's objections, the Court OVERRULES Plaintiff's objections (DE 28) and ADOPTS the Report and Recommendation (DE 26) and incorporates it herein by reference.

For the reasons set forth above, Plaintiff's Amended Complaint (DE 22) is DISMISSED without prejudice and without issuance and service of process. Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction (DE 36) is DENIED. To the extent any other motions remain pending, they are DENIED AS MOOT.

IT IS SO ORDERED.

Joseph Dawson, III
United States District Judge

Florence, South Carolina
February 18, 2026

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order within thirty (30) days from this date under Rules 3 and 4 of the Federal Rules of Appellate Procedure.